**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 17-16025 |
| Lloyd M. Hughes Enterprises, Incorporated, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | Chapter 7 |
| Debtor(s) | ) | |

## NOTICE OF MOTION

To:

United States Trustee
219 South Dearborn St.
Room 873
Chicago, IL 60604

John H Redfield
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St. Ste 3705
Chicago, IL 60603

Lloyd M. Hughes
Enterprises, Incorporated
9317 S. Michigan Ave.
Chicago, IL 60603

American Auction Associates Inc**.,**
460 Irmen Drive
Addison, IL 60148

**PLEASE TAKE NOTICE** that on October 25, 2017 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar in Courtroom 642, or such judge who may be sitting in her stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Trustee's Motion to Employ Auctioneer, to Sell Assets Free and Clear of Liens, To Limit Notice, and for Other Relief**, at which time and place you may appear, if you so see fit. A copy of the Motion is attached hereto and herewith served upon you.

Andrew J. Maxwell (ARDC# 1799150)
**Maxwell Law Group, LLC**
20 N. Clark St., Suite 200
Chicago, IL 60603
312/368-1138

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that (s)he caused a copy of the foregoing Notice and Motion to be served upon the Debtor's attorney and the United States Trustee (and any others having registered) pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, to American Auction via email, and upon the Debtor and other creditors (not having registered) on the attached service list by depositing same in the United States Mail, postage prepaid, on or before October 12, 2017.

/s/ *Andrew J. Maxwell*

# LIST OF CREDITORS
## CASE 17-16025

**Court's Electronic Registration**:
United States Trustee
Dirksen Federal Building
219 South Dearborn St, Ste. 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Cornelius P. Brown
Amy E. Daleo
Cohon Raizes & Regal, LLP
228 S. LaSalle St., #1440
Chicago, IL 60604
nbrown@cohonraizes.com
adaleo@cohonraizes.com

**Parties Served via First Class Mail:**

Lloyd M. Hughes Enterprises, Incorporated
9317 S. Michigan Avenue
Chicago, IL 60619

City of Chicago
Dept. of Finance – Utility Building
PO Box 6330
Chicago, IL 60680-6330

ComEd
Payment Processing
Po Box 6111
Carol Stream, IL 60197-6111

Commonwealth Edison Company
Attn: Bankruptcy Department
1919 Swift Drive
Oakbrook Terrace, IL 60523

IL. Dept. Revenue
PO Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, Pa 19114

Inland Bank
5456 S. LaGrange Road
LaGrange, IL 60525

Lloyd Hughes
9317 S. Michigan Avenue
Chicago, IL 60604

Mary Beth Cvengros
Small Business Assoc.
500 W. Madison, Rm. 1150
Chicago, IL 60661

Michael F. Bonaguro
120 N. Lasalle St., Suite 2000
Chicago, IL 60601

Peoples Gas
Chicago, IL 60687-0001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 17-16025 |
| Lloyd M. Hughes Enterprises, Incorporated, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | Chapter 7 |
| Debtor(s) | ) | |

**TRUSTEE'S MOTION TO EMPLOY AUCTIONEER, TO SELL ASSETS FREE AND CLEAR OF LIENS, TO LIMIT NOTICE, AND FOR OTHER RELIEF**

Andrew J. Maxwell, Trustee, by his attorneys, pursuant to §§327 and 363 of the Bankruptcy Code and the applicable Rules of Federal Bankruptcy Procedure, states the following as Trustee's Motion to Employ Auctioneer, To Sell Assets Free and Clear of Liens, To Limit Notice, and For Other Relief (the "Motion"), seeking entry of an order 1) authorizing employment of Heath Industrial d/b/a American Auction Associates, as auctioneer for the Trustee to sell one or more of the Debtor's vehicles (sometimes collectively referred to as the "Personal Property"); 2) authorization to sell the Personal Property free and clear of any liens, claims and encumbrances; and 3) approval of the sale procedure outlined in the Motion, including but not limited to reimbursement of expenses; d) to limit any further notice to parties in this case except for parties that file a proof of claim and/or register to receive electronic notices in this case; and e) for other relief:

1. This case was commenced by Debtor's voluntary filing of a petition for relief, under Chapter 11 of the Bankruptcy Code on May 24, 2017. . An order for relief under Chapter 11 was entered on September 25, 2017. The case was converted to a chapter 7 case on September 25, 2017.

2. Andrew J. Maxwell was appointed as Chapter 7 Trustee, has qualified, and has

been acting as such. The first meeting of creditors is scheduled for November 29, 2017.

3. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. §157(b).

4. The Debtor scheduled four vehicles, commercial laundry equipment, electronics, and three parcels of real estate. Debtor's Schedule B (item 47) disclosed ownership of vehicles 1994 Mercedes Benz S600, 1994 Mercedes Benz SL600, 1994 Mercedes Benz E320 wagon, and 1975 Excalibur (the "Vehicles"). The Vehicles are property of the estate and are not scheduled as being subject to liens.

Debtor's Schedule B (items 50 and 39) disclosed 155 washers and dryers, televisions, and various office furniture, lap top, etc. (collectively, the ""Laundry equipment"). The Laundry equipment is property of the estate. Inland Bank is scheduled as a secured creditor against the Laundry. The Vehicles and Laundry equipment are sometimes referred to the "Personal Property".

5. The Personal Property is property of the estate pursuant to Section 541(a) of the Bankruptcy Code. Trustee seeks to liquidate the Personal Property for the benefit of creditors.[1]

**Employment of Auctioneer**

6. In order to marshal and liquidate the Personal Property, Trustee has consulted with Heath Industrial d/b/a American Auction Associates (the "Auctioneer") to assist him to marshal and sell the Personal Property for the benefit of the estate, to determine the manner in

[1] Trustee has not examined the lien claims against the Personal Property. The costs of administration, including trustee's and professional fees, will need to be paid out of proceeds collected into the estate. Trustee believes Inland Bank has agreed that the costs of administration will be paid out of proceeds of sale of the Personal Property and any other property that is property of the estate.

which it could be most efficiently marketed for sale, and to determine the payment Auctioneer would expect to receive in exchange for its services. Auctioneer will market and offer for sale the Personal Property at one or more public auction sales to be held at a future date, not yet determined. The auction may include items from this estate and from other sources, including Chapter 7 bankruptcy estates, in an effort to attract a larger number of potential buyers. Because of the nature of this marketing plan and the protections offered by a public auction in which any qualified party can bid (including the Debtor, if he wishes to do so), Trustee requests authorization at this time from this Court to allow the Auctioneer and the Trustee to accept as final the highest and best bid and to make a binding contract to sell the Personal Property without any further approval from the Court of any specific bid.

7. The Auctioneer will be paid by charging a "buyer's premium" on the items to be sold on behalf of the estate and no separate commission will be charged to the estate. The estate will reimburse a pro-rata share of the costs incurred in conducting the auction sale calculated by multiplying the total costs of the sale by a fraction created by using the gross dollar volume of proceeds from the items sold for this estate as the numerator and the gross dollar volume of proceeds from the items sold for all the sellers as the denominator (for example, $30,000 of proceeds for this estate and $150,000 for all estates would mean this estate would pay 20% of the total costs). The pro-rata share of the costs for this estate will be paid out of the proceeds of the sale. In addition, if Auctioneer has advanced tow charges or delivery fees to obtain possession of the Vehicles, those will be reimbursed to it from the proceeds of sale.

8. Trustee believes that Auctioneer has the required expertise, is qualified to perform the services needed, and that employment of Auctioneer is necessary and in the best interests of the estate. Further, the payment to Auctioneer and estimated expenses appear to be both

reasonable and necessary.

9. On information and belief, Auctioneer a) holds or represents no interests adverse to the estate, and b) is a "disinterested person" within the meaning of §101(14) of the Bankruptcy Code and is eligible to be employed as Trustee's liquidator/consultant. In support thereof, Trustee has filed or will file the affidavit of David Heath ("Declaration") in substantially the form attached hereto and made a part hereof as an exhibit.

10. Auctioneer has represented to the Trustee that it has a surety bond in favor of the United States Trustee to assure the faithful performance of its obligations in regard to assignments in this district. Trustee believes this bond is in excess of the likely amount of sale proceeds. Trustee further believes this bond complies with this Court's standing order regarding auctioneer bonds.

11. Pursuant to §327(a) of the Code, Trustee seeks authorization to employ Auctioneer as Trustee's liquidator to marshal and sell the Personal Property pursuant to the terms set forth herein. Trustee seeks authorization to pay the appropriate payments and fees out of the proceeds of sale of the Personal Property. In the event of dispute between Auctioneer and Trustee regarding the commission to be paid or the expenses to be reimbursed, an application would be filed with this Court to determine the appropriate amount of payment and expenses. Auctioneer will file a report of sale as required by Federal Rule of Bankruptcy Procedure 6004(f)(1) and remit the gross proceeds of sale to Trustee.

**Sale of Assets**

12. Because the Personal Property to be sold is essentially a 'commodity' and will be offered for sale on the open market in an auction open to the public, Trustee requests authorization to sell the Personal Property without further authorization from this Court. Trustee

seeks authorization to sell the Personal Property, pursuant to §363(f) of the Bankruptcy Code, to the highest bidder, free and clear of any and all liens, claims and encumbrances, including but not limited to any claims of exemptions by Debtor and lien holder's claim against the Personal Property, with any such liens, claims and encumbrances to attach to the proceeds of sale, subject to a determination by this Court of the validity, extent, and priority of any such liens, claims, encumbrances, and interests in the event of a dispute; and the Personal Property will be sold "as is where is", without any warranties of any kind or nature, including but not limited to any warranties of merchantability or fitness for a particular purpose. Trustee proposes that he will file a report of sale after the sale has been completed and will hold the net proceeds, after payment of the commission and reimbursement of expenses, pending further order of Court.

13. As a part of such authorization to sell, Trustee also seeks authorization to execute or authorize the execution of such documents as may be appropriate and necessary to convey title to the successful purchaser, including but not limited to a bill of sale and assignment of title, and to undertake such other actions as may be deemed reasonable and necessary to complete the sale.

**Notice and Limitation of Future Notice**

14. Trustee has provided approximately thirteen (13) days notice of this motion to Debtor, Debtor's counsel, the United States Trustee, and to all creditors scheduled in this case, as reflected on the attached service list. To the extent possible, service was made pursuant to Section II (B) (4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants and to Debtor, Auctioneer, and non registered creditors by depositing same in the United States Mail, postage prepaid. Trustee requests that any further notice to creditors be waived for good cause shown, specifically

that any further notice requirement and any further costs expended, including additional court appearances by counsel, beyond what is absolutely necessary will merely deplete the modest amount of funds which will be received into the estate as a result of this sale and other collections. In addition, Trustee is concerned about providing security for the Laundry equipment in its current location and it is uneconomical to move the Laundry equipment prior to sale. Rule 2002(h) of the Federal Rules of Bankruptcy Procedure specifically authorizes this Court to shorten and limit notice.

15. Trustee further requests this Court to order that his notice of future actions in this case be limited to those creditors that have filed a proof of claim in the case and parties that have registered to receive electronic notices. Any further notice requirement and any further costs expended, including additional court appearances by counsel, beyond what is absolutely necessary will merely deplete the modest amount of funds which will be received into the estate as a result of this sale and other collections. Rule 2002(h) of the Federal Rules of Bankruptcy Procedure specifically authorizes this Court to shorten and limit notice. No prejudice will result to creditors; interested creditors or parties in interest can take a single step to file a proof of claim or an appearance in the case and continue to receive notices.

WHEREFORE**,** Andrew J. Maxwell, Trustee, prays this Court grant the relief sought herein and such other and further relief as this Court deems just and fair.

Respectfully submitted,
Andrew J. Maxwell, Trustee

By: /s/ *Andrew J. Maxwell*
One of his attorneys

Andrew J. Maxwell (ARDC# 1799150)
**Maxwell Law Group, LLC**
20 N. Clark St., Suite 200
Chicago, IL 60602
312/368-1138